**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| REV GERALD KINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02622-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| SHELBY COUNTY GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING R&R AND DISMISSING COMPLAINT**

Pro se Plaintiff Gerald Kiner sued Defendants Shelby County Government ("the County"), Travis Green, Dr. Michelle Taylor, James Gloster, Shelby County Board of Commissioners, and John and Jane Does 1–10, alleging constitutional and statutory violations. (ECF No. 2.)  The County moved to dismiss.  (ECF No. 16.)  Plaintiff responded.  (ECF No. 18.) And under Administrative Order No. 2013-05, Magistrate Judge Annie T. Christoff entered a Report and Recommendation ("R&R"), recommending that the Court grant the County's Motion and dismiss the Complaint.  (ECF No. 41.)  Plaintiff objected a few days later.  (ECF No. 42.) For the reasons below, the Court **ADOPTS** the R&R.  And so the Court therefore **GRANTS** the County's Motion to Dismiss, **DENIES** Plaintiff's Temporary Restraining Order as **MOOT**, and **DISMISSES** his Complaint **WITH PREJUDICE**

## BACKGROUND

The background in this case is not complicated.  In February 2024, the County sought contract proposals for community violence and intervention services.  (ECF No. 2-6 at PageID 257.)  Plaintiff—on behalf of the "Daughters of Zion" organization—submitted a proposal in

1

response.  (*See* ECF No. 2 at PageID 4; ECF Nos. 2-1, 2-2.)  But the County rejected Daughter of Zion's proposal and selected another organization's proposal instead.  (ECF No. 2 at PageID 4.)

So Plaintiff sued here "in his individual capacity" on June 18, 2025.  (*Id.* at PageID 2.) He asserts that Defendants' decision not to select Daughter of Zion's contract proposal violated his First and Fourteenth Amendment rights, federal civil conspiracy and wire fraud laws, the Sherman Act, the Racketeer Influenced and Corrupt Organizations Act, and several state tort laws.  (*Id.* at PageID 19–29.)  Plaintiff moved for a temporary restraining order two days after filing suit.  (ECF No. 9.)

The County then moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 16-1 at PageID 393.)  The County argues that Plaintiff lacks standing to bring these claims in his individual capacity and that he otherwise fails to state a claim.  (*See id.*) Plaintiff responded that he did not sue on Daughters of Zion's behalf, but instead "challenges local government's conduct that personally injured him."  (*Id.* at PageID 417.)

Judge Christoff entered her R&R in January 2026.  (ECF No. 41.)  She found that Plaintiff lacks standing and recommends dismissing the Complaint.  Because of that, she also recommends denying Plaintiff's Motion for Temporary Restraining Order as moot.  Plaintiff timely objected.  (ECF No. 42.)

## LEGAL STANDARD AND OBJECTIONS

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss.  *See* 28 U.S.C. § 636(b)(1)(A)–(B).  The parties may object to those proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  The district court

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).  And if neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  But if there is an objection, the district court reviews the "properly" objected-to portions of the R&R de novo.  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections come with limits.  A party generally cannot raise new arguments or issues in objections that it did not first present to the magistrate court.  *Dabrowski v. Tubular Metal Systems, LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting *Murr v. United States*, 200 4 F.3d 895, 902 n.1 (6th Cir. 2000)).  And parties must object "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Objections must be "specific."  Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1).  "Overly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012).  So when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo.  *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file specific objections to a magistrate[] [judge's] report constitutes a waiver of those objections.'" (citation omitted)).

These limits on objections support judicial economy.  *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The Sixth Circuit's decision to require the filing of objections is supported by

sound considerations of judicial economy.")  Raising specific objections enables district courts to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*; *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that a "general objection to the entirety of a magistrate's report has the same effects as a failure to object" because it does not focus the district court's "attention . . . on any specific issues for review, thereby making the initial reference to the magistrate useless"); *see also Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[T]his Court has held that an objection preserves an issue when it 'explains and cites specific portions of the report which counsel deems problematic." (citation omitted)).  With that in mind, the Court turns to Plaintiff's objections.

## I.    Plaintiff's Objections

Plaintiff made five objections to the R&R.  One is meritless.[1]  Three are too general and conclusory to warrant de novo review.  This leaves a single objection for the Court to review de novo.

His first objection is that Judge Christoff erred by not taking judicial notice of government records in her standing analysis.[2]  (ECF No. 42 at PageID 715.)  Plaintiff implies that "undisputed official procurement records" support his standing.  (*Id.* at PageID 716–17 (citing ECF No. 24).)  But he does not explain *how* those records impact his standing.  And a

---

[1] Plaintiff's third objection is that Judge Christoff recommends dismissing without leave to amend.  (ECF No. 42 at PageID 719.)  This objection is meritless.  Plaintiff states that granting leave to amend is "mandatory absent futility."  (*Id.*)  But he never explains how an amendment would be anything but futile.  *Cf. Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (stating that an amendment is futile if the proposed changes still would not allow the pleading to survive a motion to dismiss).  Or put another way, Plaintiff has not provided any new facts or arguments that could cure his lack of standing to bring these claims.

[2] Those records are "the Scoring Summary" of Daughter of Zion's proposal and the County's denial letter.  (ECF No. 24-1.)

review of those records shows that they go only to the merits of his claim.  *Cf. Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021) ("The standing inquiry is not a merits inquiry."). Plaintiff stated as much when he filed those records: "The[] documents prove that Shelby County Government wrongfully denied Plaintiff's organization, Daughter of Zion . . . a properly earned contract[.]"  (ECF No. 24 at PageID 466.)  Plaintiff's conclusory argument identifies no error in the R&R, much less a clear error.[3]  *See Slater*, 28 F. App'x at 513.

That is not all.  Plaintiff's fourth objection is that Judge Christoff did not "meaningfully" apply *Haines v. Kerner*, 404 U.S. 519 (1972).  (ECF No. 42 at PageID 720.)  As a result,  he claims that the R&R fails to construe his pleadings liberally and penalizes him for "technical [] issues."  (*Id.*)  Yet he never explains what "technical issues" Judge Christoff penalized him for. Nor does he explain where she strayed from the appropriate standard for pro se litigants.  At any rate, Judge Christoff correctly applied the less-stringent pro-se standard here.  (*See* ECF No. 41 at PageID 707.)  And as explained in *Haines*, pro se plaintiffs may be held to "less stringent standards" but they still must plead facts to state a claim to relief.  404 U.S. at 520–21.

Plaintiff makes one specific objection, however.[4]  The Court reviews this objection de novo.  He argues that Judge Christoff improperly rejected his claims of "personal reputation, retaliation, [and] deprivation of statutory rights" rather than accept them as true at the motion-to-dismiss stage.  (ECF No. 42 at PageID 717–18.)  The Court construes Plaintiff's statement here

---

[3] Plaintiff's fifth objection is related and fares no better.  He asserts "fraud upon the court" because of an "incomplete record."  (ECF No. 42 at PageID 721.)  Beyond that, he leaves the Court to guess how the record could be more complete or how it would change Judge Christoff's standing analysis.

[4] Although Plaintiff's citations to the record are incorrect here, the Court construes this as a specific objection because he focuses the Court's attention on a specific issue to review.  *See Thomas*, 474 U.S. at 154 (explaining that a failure to object does not preclude further sua sponte review by the district court).

as challenging the R&R's conclusion that "Kiner has not alleged any injury that is personal to him and independent of the alleged injuries to the Daughters of Zion."  (ECF No. 41 at PageID 709.)

Plaintiff's objection reveals a misunderstanding of the record and law.  Standing— "whether the plaintiff has made out a 'case or controversy' between himself and the defendant"—is a "threshold" jurisdictional question for courts to resolve.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see Fox v. Saginaw Cnty*, 67 F.4th 284, 292 (6th Cir. 2023) ("That is because standing does to a court's subject matter jurisdiction." (citation omitted)); *see also* Fed. R. Civ. P. 12(h)(2) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A plaintiff must establish three elements to demonstrate standing: injury in fact, causation and redressability.  *See, e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

But plaintiffs must assert their *own* injury to establish standing; they cannot bring claims based solely on injuries sustained by an organization.  *See B. & V. Distrib. Co. v. Dottore Companies, LLC*, 278 F. App'x 480, 487 n.6 (6th Cir. 2008) ("Similarly, because Battler lacks standing to redress corporate injuries, and because he has not identified any separate and distinct injuries that he alone has suffered, Battler may not pursue an individual recovery under the fraud and unjust enrichment theories advanced in the complaint."); *Thomas v. B.B.B.*, 79 F. App'x 748, 748 (6th Cir. 2003) ("Thomas lacks standing to prosecute any claims on behalf of his construction company.  Although Thomas may be the sole owner of Thomas Construction, an action to redress injuries by a corporation cannot be maintained by an owner in his own name."); *Nicholson v. Ticketmaster*, 42 F. App'x 696, 697 (6th Cir. 2002) ("Although Nicholson is the sole

shareholder of N.I.C.K., an action to redress injuries by a corporation cannot be maintained by a stockholder in his own name.").

And the record here shows that Plaintiff asserts claims on Daughter of Zion's behalf. This is true even though Plaintiff identifies himself instead of "Daughter of Zion" throughout the Complaint.  That is because this entire lawsuit concerns the alleged injuries Daughter of Zion suffered when the County chose not to award it a contract.

Take a few examples.  The equal protection claim alleges that Defendants discredited his proposal in the name of Daughters of Zion.  (ECF No. 2 at PageID 20.)  The free speech claim alleges that Defendants retaliated against him by disqualifying his proposal for Daughters of Zion.  (*Id.* at PageID 22.)  The negligent misrepresentation claim alleges that "Defendants' conduct . . . caused harm to Plaintiff's business interests."  (*Id.* at PageID 30.)  And the wire fraud claim alleges that Defendants transmitted false and misleading representations about his proposal on behalf of Daughters of Zion.  (*Id.* at PageID 25.)  Yet Daughters of Zion submitted the proposal.  (ECF Nos. 2-1, 2-2.)  So these are not Plaintiff's individual claims, they belong to Daughters of Zion.  It follows that any injury to that proposal belongs to the organization, not Plaintiff himself.

More telling is the relief Plaintiff seeks.  He asks the Court to order the County's contract funds "to be used exclusively for the purpose of fulfilling the contract awarded to Daughters of Zion."  (ECF No. 2 at PageID 32.)  And he asks the Court to declare "Plaintiff" the rightful awardee of the County's contract and to declare Rapha Institute's contract void.  (ECF No. 2 at PageID 32.)  But Plaintiff would not receive the County's contract, Daughters of Zion would. Although he asserts that he does not seek to litigate on Daughters of Zion's behalf (ECF No. 18

7

at PageID 417), Plaintiff's allegations in his pleadings contradict this claim.  The Court therefore **OVERRULES** this objection.

## <u>DISPOSITION</u>

The Court now reviews the rest of the R&R for clear error and finds none.  In fact, the Court agrees with Judge Christoff's analysis and conclusions.

Start with her correct conclusion that Plaintiff lacks standing.  As Judge Christoff pointed out, it is Plaintiff's burden to establish standing even though the Court construes his pro se pleadings liberally.  (ECF No. 41 at PageID 707–08.)  *See Bradley v. United States*, 402 F. Supp. 3d 398, 403 (N.D. Ohio 2019) (citing *Lujan*, 504 U.S. at 560).  But Plaintiff fails to meet even that liberal burden here.  As discussed, he cannot bring claims on his organization's behalf.  And he has alleged no personal injury that is separate and distinct from Daughters of Zion.  *See Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 602–603 (6th Cir. 1988) ("[A]n action to redress injuries to a corporation . . . cannot be maintained by a stockholder in his own name. . . . The general rule is applicable in cases where the individual is the sole stockholder."); *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 315 (6th Cir. 1987), *modified at* 933 F.2d 400 (6th Cir. 1991) ("A suit for damages arising from an injury to the corporation can only be brought by the corporation itself or by a shareholder derivatively if the corporation fails to act, since only the corporation has an action for wrongs committed against it." (citation omitted)).

The R&R also correctly concludes that "to the extent Kiner seeks to represent the Daughters of Zion in this litigation, he may not do so as a non-attorney."  (ECF No. 41 at PageID 710.)  *Cf. Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("The rule against non-lawyer representation "protects the rights of those before the court" by

preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." (citation omitted)).

Having found no clear error, the Court **ADOPTS** the R&R.

## CONCLUSION

Having reviewed Plaintiff's objections and the R&R, the Court agrees with Judge Christoff and **ADOPTS** her recommendation. The Court therefore **GRANTS** the County's Motion to Dismiss, **DENIES** Plaintiff's Temporary Restraining Order as **MOOT**, and **DISMISSES** his Complaint **WITH PREJUDICE**.[5]

**SO ORDERED**, this 18th day of February, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[5] The Court dismisses Plaintiff Gerald Kiner's Complaint with prejudice because he cannot cure his standing defects. *See Stanley*, 105 F.4th at 867 (explaining that an amendment is futile if the proposed changes still would not allow the pleading to survive a motion to dismiss). The Court is not ruling on whether Daughters of Zion can bring claims in a separate lawsuit while being represented by an attorney. *Cf. Last Minute Cuts, LLC v. Biddle*, No. 18-2631, 2019 WL 6222280, at *2 (W.D. Tenn. Oct. 18, 2019), *report and recommendation adopted*, No. 18-2631, 2019 WL 6219544 (W.D. Tenn. Nov. 21, 2019) ("The appropriate response for a court presented with claims brought by a *pro se* litigant on behalf of some other person is generally to dismiss the claims without prejudice." (citing *Zanecki*, 576 F. App'x at 595)).